Case 1:20-cv-04184-JGK   Document 29   Filed 04/26/21   Page 1 of 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

BEN WACHTER ASSOCIATES, INC. and BWA    :
ENTERPRISES, LLC,                         :      1:20-cv-04184-JGK
                                         :

                 Plaintiffs,         :      **STIPULATED**
                                         :      **PROTECTIVE ORDER**

        - against -            :

                                         :

FERNANDO VALENTINE HERRADON,     :

                 Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order, including, without limitation, the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

      1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.      The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or

1

personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3.      Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of the above-captioned actions and any appeals therefrom, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in the above-captioned action.

4.      With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Until the 5 business-day period has expired, the entire deposition transcript shall be treated as "Confidential Discovery Material."

5.      If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the

2

"Confidential" designation within two (2) business days of providing such notice.

6.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)      the parties to this action;

(b)      counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

(c)      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(d)      any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)      stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(f)      independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(g)      the Court and ~~its staff~~ *Court personnel*; and

(h)      any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to

3

such Confidential Discovery Material.

7.     Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c) or 6(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as **Exhibit A**, stating that that person has read this Order and agrees to be bound by its terms.  Counsel for the receiving party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8.     Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

9.     Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow section VI of the Individual Practices of Judge John G. Koeltl with respect to requests for filing under seal.

10.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.     If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege,

4

attorney work product protection, or other applicable privilege, a producing party inadvertently

discloses information subject to a claim of attorney-client privilege, attorney work product

protection, or other applicable privilege ("Inadvertently Disclosed Information"), such disclosure,

in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work

product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons

shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

Information, and provide a certification of counsel that all such information has been returned or

destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed

Information has been returned or destroyed, the disclosing person shall produce a privilege log

with respect to the Inadvertently Disclosed Information.

14. If a receiving person thereafter moves the Court for an order compelling production

of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not

assert as a ground for entering such an order the mere fact of the inadvertent production. The

disclosing person retains the burden of establishing the privileged or protected nature of any

Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to

request an in camera review of the Inadvertently Disclosed Information.

15. Within sixty (60) days after the final disposition of this action, including any

appeals thereof, all Confidential Information produced or designated and all reproductions thereof

shall be returned to the producing party or, at the receiving party's option, shall be destroyed. In

the event that any receiving party chooses to destroy physical objects and documents, such Party

shall certify in writing within sixty (60) days of the final disposition of this litigation that it has

5

Case 1:20-cv-04184-JGK Document 27-2 Filed 04/23/21 Page 6 of 9

undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

16.     This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible with regard to the above-captioned action or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence in the above-captioned action.

17.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

O'HARE PARNAGIAN LLP

THE BOYD LAW GROUP, PLLC

By: /s/Robert A. O'Hare Jr.
    Robert A. O'Hare Jr.
    Michael Zarocostas

20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
(212) 425-1421 (f)
rohare@ohareparnagian.com
mzarocostas@ohareparnagian.com

*Attorneys for Plaintiffs Ben Wachter Associates,
Inc. and BWA Enterprises, LLC*

Dated:  April 23, 2021

By: /s/ Stephen M. Bourtin
    Stephen M. Bourtin
    Patrick J. Boyd

370 Lexington Avenue, Suite 1012
New York, New York 10017
(212) 867-3675
(212) 867-5765 (f)
sbourtin@theboydlawgroup.com
pboyd@theboydlawgroup.com

*Attorneys for Defendant Fernando
Valentine Herradon*

Dated: April 23, 2021

**SO ORDERED.**

**JOHN G. KOELTL**
**United States District Judge**

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

so ordered.

U S D J.

7

4/26/21

### EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BEN WACHTER ASSOCIATES, INC. and BWA    :
ENTERPRISES, LLC,                       :           1:20-cv-04184-JGK
                                        :
                    Plaintiffs,         :
                                        :           **NON-DISCLOSURE**
                                        :           **AGREEMENT**
               - against -              :
                                        :
                                        :
FERNANDO VALENTINE HERRADON,            :
                                        :
                    Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, _____ state that:

1.      My address is _____ .

2.      My present occupation or job description is                               .

3.      I have received a copy of the Stipulated Protective Order (the "**Protective Order**")

entered in the above-entitled action on _____ .

4.      I have carefully read and understand the provisions of the Protective Order.

5.      I will comply with all of the provisions of the Protective Order.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action, any Confidential Information that is

disclosed to me.

7.      I will return all Confidential Information that comes into my possession, and documents or

things that I have prepared relating thereto, to counsel for the party by whom I am employed or

retained, or to counsel from whom I received the Confidential Information.

8.    By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:                                                  _____